Kirkpatrick, C. J.
This is a writ of error from the Essex pleas. With the record, there come up several bills of exception taken to the opinion of the court upon the trial. Upon inspecting these bills I am inclined to think that the court below mistook the law on several of the points raised before them; but I shall go upon one only.
The action was brought for the freight of a cargo [*] from New York to Richmond, in "Virginia. The plaintiff, to prove the service done, called as a witness one Noah Bonnel, who was sworn in chief, and delivered his testimony. The defendant then, by way of cross examination, put some questions to him touching his interest in the vessel, and in the freight in question. To this it was objected by the plaintiff, because the witness having said he had a bill of sale for part of the vessel, his interest must be proved, if proved at all, by his bill of sale, and not by his parol testimony; and for this reason the court sustained the objection and overruled the defendant’s questions touching the interest of the witness.
[616] Now, I think, it is altogether within the rule of law to interrogate a witness as to his interest, after he is sworn in chief; and if he turns out to be interested, to overrule his testimony; and as to the doctrine set up here, that the witness must produce the written documents upon which *409 his interest rests, as for instance, his bills of sales, his title deeds, or other writings, it is entirely without foundation. Therefore, I think, that the judgment must be reversed.
Rossell, J.
Agreed with the Chief Justice in this opinion.
Pennington, J.
On the first point, I shall give no opinion as to the distinction taken below, between written and parol evidence, until I can perceive the relevancy of the evidence itself. This was a contract made between Gray and Mayo, and not between Mayo and the owners of the schooner Jefferson. Suppose Gray had not sent the schooner on the voyage, would Mayo have been under the necessity of looking up the partners of Gray in the schooner, if he had any, in order to have made them defendants with Gray in an action on this breach of contract ? I apprehend that he could not have sustained a joint action against them. It appears- to me immaterial whether Gray had partners in the schooner, or not; [*] he had executed his part of the contract, and was entitled to a performance on the part of the defendants.
On the second point, the counsel for the defendant below say, that this is a special contract, and ought to have been specially declared on, instead of which, the plaintiff below has declared generally on an indebitabus assumpsit. It is laid down in the books generally, that in an action of assumpsit on a special agreement, the agreement must be specially set out in the declaration. But the boundary between agreements which require a special declaration, and those that do not, is not very exactly defined. The reason given for this rule by Lord Mansfield is, that where there is a special contract, the defendant ought to have notice by the declaration, that he is sued on the contract.[1] The counsel for the defendant below adds another, that a second action may not be brought for the same cause.
*410 If these are all, they are satisfied by the declaration in this case, which sets out the cause of action to arise for freight to and from Richmond, and the articles, precisely as proved. The subject presents itself to my mind, with this additional aspect: that in cases where the action 'is grounded simply on a demand for money [617] had and received by the defendant, to the plaintiff's use, or for merchandise sold and delivered, work and labor, and the like, a general indebitatus assumpsit is sufficient. But where the cause of action grows out of a breach of a special engagement, and calls for damages for a specific breach of this special agreement, then a special action setting out the agreement, and alleging a breach, is necessary, as well for-the purpose of apprising the defendant of the cause of action relied on, as to bring the controversy to a precise- point of fact for the trial of the jury. The only circumstance that has the least appearance of requiring a special declaration in this case is, that for the services done by the plaintiff, he agreed to take a certain [*] quantity of coal in part payment. The proof was, that this had been done, it had been executed, and formed no part of the controversy. The demand of the plaintiff was for the residue. If the defendant had' refused to let the plaintiff have the coal, and he had brought the action to recover damages for a breach of this part of the agreement, then it would have been necessaiy to set out the agreement, and allege a breach. But I cannot perceive any necessity for its being done in this case. I am in favor of special pleadings when the case requires it; but think this declaration sufficient.
On the third point. It is contended that the testimony of Bonnel, the master, ought to have been admitted on another ground; that is, to prove his interest in the cause, and thereby to shut out his testimony altogether. On the first view of this objection, it appeared to me, an afterthought, that as the question was not raised below, it ought not to be *411 here; for it does not satisfactorily appear, that Bonnel was interrogated on this point, with any other view than to show that all proper parties had not been joined in the action. But, on reflection, I am inclined to think, that as the point of interest might have been raised, had not the court overruled Bonnel’s testimony, the plaintiff in error is not precluded from raising the question here; and if so, there cannot be a doubt but that the court erred. There was no necessity for the production of the bill of sale to let in the evidence of the interest of the witness. On this last point, therefore, I concur in reversing the judgment.
I. II. Williamson, for plaintiff.
Chetwood, for defendant.
Judgment reversed, with leave to issue a venire de novo.
Qualified in Den, Howell v. Ashmore, 2 Zab. 261.
See Sheridan v. Medara, 2 Stock. 469.

 Doug. 24.